Nott, J.
delivered the opinion of the Court.
We are so much in the habit of considering the English decisions as authority, that we are very apt to take them as our guides, even where they are more liable to . lead to error, than to truth. An act making a partial alteration in the law, embracing a variety of subjects, may render the principles of a decision *371 inapplicable to the whole system. In England, the goods of a testator become, immediately on his death, the property of the executor: He may, ex officio, sell them, and pay the debts, without any restriction, except the order of priority prescribed by law. He may pay the whole amount of the estate to one creditor, if any one has a claim to that amount, without any regard to the other creditors in the same degree. He may then plead plene administravit to all the rest, and save himself from' costs. And if he fails to pay the debts without suit, or neglects to plead plene administravit, he renders himself liable for costs out of his own estate, because it was his own fault; and he will not be permitted to tax the estate with the costs of his own neglect.
vide Acts of
The law is otherwise here. The executor is a mere trustee for the creditors and next of kin. He cannot sell without permission of the Ordinary, or the- Court of Equity, and that can seldom be obtained until the affairs of the estate are looked into, and the necessity of the measure ascertained ; and then, most usually on a credit of twelve months. He then is required to marshal the assets among all the creditors, in equal degree in proportion to their respective demands. In the mean time, they may all have brought suit against him. It is not his fault, therefore, if costs are incurred ; and unless some fault or neglect be shewn, he ought not to be made to pay them out of his own estate. He may plead plene administravit, at any time before funds come into his hands, although he may have them! in expectation ; and the creditor may take his judgment, to be paid guando acciderint. Nor do I think that he is to blame, for putting the creditor upon the proof of his debt, by pleading the general issue in addition to the plea of plene ad-ministravit. That is frequently necessary for the security of the estate, and the costs, therefore, ought to be paid out of the assets whenever the plea of plene administravit is sustained, notwithstanding the general issue may have been pleaded also.
In the case of Smith v. Goggans, Harp. 52, which has been referred to, the plea of plene administravit was not tried. How it was disposed of does not appear.. The question, therefore, ar< • simply on the general issue ; and when an executor pleads the general issue only, he admits assets in his hands. *372 Even then, although the judgment is, that the costs be paid out of his own estate, he may remunerate himself, if there has been no neglect or default on his part ; and that may be made a question on the settlement of the estate, when all just disbursements will be allowed.
The motion in this case, must be refused.